No. 46439.—Protest 517006–G of Chiteman, Cooperman & Miller (New York).

Opinion by WALKER, J.   In accordance with stipulation· of counsel that the dogskins in question are undressed, the same in all material respects as those the subject of *Brachman* v. *United States* (5 Cust. Ct. 153, C. D. 389), the claim for free entry under paragraph 1681 was sustained.

No. 46440.—Protest 56755–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protest was therefore sustained.

No. 46441.—Protest 56756–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protest was therefore sustained.

No. 46442.—Protest 56757–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United* . *States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported.   The protest was therefore sustained.

No. 46443.—Protest 56758–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported.   The protest was therefore sustained.

No. 46444.—Protests 34476–K, etc., of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protests were therefore sustained.

No. 46445.—Protest 34477–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported The protest was therefore sustained.

No. 46446.—Protests 50959–K, etc., of Border Brokerage Co. et al. (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Cc.* v. *United States,* (5 Cust. Ct. 161, C. D. 391). It was held that no addition should have been made to the imported quantity for planing or tonguing and grooving. The protests were therefore sustained in accordance with the number of board feet agreed upon.

No. 46447.—Protests 30071–K etc., of Wendling Nathan Co. et al. (San Francisco).

Opinion by WALKER, J. In accordance with stipulation of counsel that the merchandise is similar to that the subject of *Seaboard Lumber Sales Co.* (5 Cust. Ct. 161, C. D. 391), it was held that allowance should have been made for planing or tonguing and grooving, as said tax is only assessable on the net footage imported. The protests were sustained.

BEFORE THE SECOND DIVISION, OCTOBER 15, 1941

No. 46448.—Protest 967808–G of Quon & Quon Co. (Los Angeles).

Opinion by TILSON, J. In accordance with the analyst's report that the merchandise is in chief value of silk, the protest was overruled.

No. 46449.—Protest 10616–K of Anco Import Corp. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that certain of the items consist of spangles slung, similar to those involved in *Fashion Trimming Corp.* v. *United States* (6 Cust. Ct. 199, C. D. 462), the claim at 60 percent ad valorem under paragraph 1503 was sustained, holding the merchandise in ques-